UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CFI GROUP USA LLC,

                Plaintiff,

v.

VERINT AMERICAS INC.,

                Defendant.

_____/

No.: 19-cv-12602
Hon. Gershwin A. Drain

## **THIRD AMENDED SCHEDULING ORDER**

| YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES | |
| --- | --- |
| Facilitation: | February 28, 2023 |
| Motions in Limine[1] due: | July 11, 2023 |
| Final Pretrial Order due: | August 8, 2023 |
| Final Pretrial Conference: | August 15, 2023 at 3:00 p.m. |
| Jury Trial: | August 29, 2023 at 9:00 a.m. |
| Estimated Length of Trial: | Unknown |

---

[1] The parties may each file one omnibus motion in limine raising all their respective issues. The omnibus motion shall not exceed 25 pages in length. In lieu of an omnibus motion in limine, the parties may file a motion in limine for each issue; however, if the parties choose to file multiple motions in limine, each motion in limine shall not exceed five pages in length.

I.      **TIME**.  Computation of time under this order and under any notice of any scheduling order or notice in this case shall be in conformity and accordance with Federal Rule of Civil Procedure 6(a).

II.     **FILING OF PAPERS**.  The Court requires strict compliance with Local Rule 5.1(a)(3). Therefore, any filings that fail to comply with the font requirements described in the rule will be immediately stricken.  *See* E.D. Mich. L.R. 5.1(a)(3) (requiring filings to contain type size for all text and footnotes to "be no smaller than 10 and ½ characters per inch (non-proportional) or 14 point (proportional)).

III.    **DISCOVERY**.  Discovery <u>shall be completed on or before</u> the date set forth in the scheduling order.  The court will not order discovery to take place subsequent to the discovery cutoff date.  The discovery deadline may only be extended by filing a timely written motion with the court. Extensions or adjournments of all other dates will also only be considered upon the filing of a timely written motion for good cause shown.  Local Rule 26.2 generally prohibits filing discovery materials with the Clerk.  Violation of this rule may result in sanctions.

IV.     **FINAL PRETRIAL CONFERENCE AND FINAL PRETRIAL ORDER**.  The Final Pretrial Order must be submitted through the document utilities function of the CM/ECF on or before the date set by this order.  All witnesses must be listed in the Final Pretrial Order.  Witnesses may only be added to the Final Pretrial Order by stipulation of the parties and leave of court.   Counsel shall follow the procedure outlined below to prepare for the final pretrial conference and the Final Pretrial Order:

   A.   Counsel for all parties are directed to confer in person (face to face) at their earliest convenience in order to (1) reach any possible stipulations narrowing the issues of law and fact, (2) deal with non-stipulated issues in the manner stated in this paragraph, and (3) exchange documents that will be offered in evidence at trial.  It shall be the duty of counsel for plaintiff to initiate that meeting and the duty of opposing counsel to respond to plaintiff's counsel and to offer full

cooperation and assistance.  If, after reasonable effort, any party cannot obtain the cooperation of opposing counsel, it shall be his or her duty to communicate with the court.  The Final Pretrial Order shall fulfill the parties' disclosure obligations under Federal Rule of Civil Procedure 26(a)(3), unless the Judge orders otherwise.  All objections specified in Rule 26(a)(3) shall be made in this order. Counsel for plaintiff shall prepare a draft Final Pretrial Order and submit it to opposing counsel, after which all counsel will jointly submit the proposed order.  The Final Pretrial Order should provide for the signature of the court, which, when signed, will become an Order of the court.  The proposed Final Pretrial Order shall strictly comply with the requirements of Local Rule 16.2.

  * **Pursuant to Local Rule 16.2(b)(9), any objection based on foundation or authenticity will be deemed waived if not raised before trial.**

B.   The following persons shall personally attend the final pretrial conference:

1) Trial counsel for each party;

2) All parties who are natural persons;

3) A representative on behalf of any other party;

4) A representative of any insurance carrier that has undertaken the prosecution or defense of the case and has contractually reserved to itself the ability to settle the action.

Representatives must possess **full authority** to engage in settlement discussions and to agree upon a full and final settlement.  "Personal attendance" by each party is not satisfied by (1) trial counsel professing to have full authority on behalf of the client or (2) a party being available by telephone.

**V.**   At least ONE WEEK prior to the beginning of trial, counsel shall furnish to the court the following:

A.    In jury cases, any requests for <u>VOIR DIRE</u>, proposed <u>JOINT JURY INSTRUCTIONS</u> and the <u>VERDICT FORM</u>.   The parties shall file with the court a single set of proposed, stipulated jury instructions and a single, proposed verdict form.  The instructions are to be typewritten and double spaced and shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08").  Additionally, each party shall separately file any additional proposed instructions to which any other party objects.  Judge's courtesy copies and disc required. The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching an agreement as to an acceptable form.

B.    In a non-jury case, proposed <u>FINDINGS OF FACT</u> and <u>CONCLUSIONS OF LAW.</u>

C.    A statement of claims or defenses, no longer than two pages, suitable to be read to the jury during opening instructions.

VI.   **EXHIBITS**.  Counsel are required to mark all proposed exhibits in advance of trial.  Plaintiff's exhibits shall use numbers and Defendant's exhibits shall use letters.  A consecutive number and lettering system should be used by each party. The parties are required to exchange marked exhibits three days prior to the start of trial. Counsel are also required to maintain a record of all admitted exhibits during trial.  See attached exhibit form.  Counsel for each party must keep custody of that party's admitted exhibits during trial.  A party who objects to this provision must file a written objection prior to jury selection.

VII.  **JUDGE'S COPIES.**  A paper copy of electronically filed motions, briefs, attachments, responses, replies, proposed Final Pretrial Order, and proposed Joint Jury Instructions (with disc) MUST be delivered directly to the Judge's chambers and labeled Judge's copy.  If any filing contains more than ten exhibits, two Judge's copies are required.

VIII. The court will not allow counsel not admitted in the Eastern District to practice upon a special motion.  All inquiries regarding admission to this district must be directed to the Clerk's office at (313) 234-5005.

IX.   **LOCAL COUNSEL**.  An attorney admitted to practice in the Eastern District of Michigan who appears as attorney of record and is not an active member of the State Bar of Michigan must specify local counsel with an office in this district.  Local counsel must enter an appearance and otherwise comply with Local Rule 83.20(f).

SO ORDERED.

Dated:  March 15, 2023                                   /s/Gershwin A. Drain
                                                         GERSHWIN A. DRAIN
                                                         United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 15, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager